UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Meghan Sanders<br>4825 Beacon Hill Dr. East<br>New Port Richie, FL 34652<br><br>        Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., STE. 206<br>Toledo, OH 43614<br><br>        Defendant. | Case No<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In February 2008, Defendant telephoned Plaintiff's Mother-In-Law ("Mother") on multiple occasions.

10. During several of these communications, Defendant misrepresented to Mother that Plaintiff was under investigation and that she needed an attorney for a pending law suit.

11. During several of these communications, Mother notified Defendant that Plaintiff did not live with Mother and provided Plaintiff's contact information.

12. During several of these communications Mother requested that Defendant cease communication with Mother.

13. Despite these notices, Defendant continued to call Mother regarding Plaintiff throughout March 2008.

14. In or around mid-February, 2008, an employee of Defendant ("Employee") telephoned Plaintiff regarding the debt.

15. During the communication referenced in Paragraph 14, Employee demanded that Plaintiff pay the debt in full and screamed at Plaintiff stating that if Plaintiff could not pay, then Defendant would sue Plaintiff in court.

16. During the communication referenced in Paragraph 14, Employee's manager ("Manager") took over for Employee and agreed to set up an affordable payment plan with Plaintiff.

17. During the communication in Paragraph 14, another Employee ("Assistant") picked up the phone and began screaming at Plaintiff.

18. During the communication referenced in Paragraph 14, Assistant threatened to call Plaintiff at Plaintiff's place of employment ("Work") if Plaintiff did not pay the debt.

19. During the communication referenced in Paragraph 14, Plaintiff stated that Defendant was not to call Plaintiff at Work because Plaintiff could lose Plaintiff's job.

20. During the communication referenced in Paragraph 14, Assistant stated that Assistant did not have time for Plaintiff and hung up the phone.

21. On or around March 11, 2008, Defendant telephoned Plaintiff's cell phone while Plaintiff was at Work.

22. During the communication referenced in Paragraph 21, Plaintiff informed Defendant that Plaintiff was represented by an attorney for Bankruptcy and provided the law firm's contact information.

23. During the communication referenced in Paragraph 21, Plaintiff stated that Plaintiff did not wish to receive and was not permitted to receive Defendant's phone calls during Plaintiff's Work hours.

24. Despite these notices, Defendant continued to telephone Plaintiff's cell phone during Work hours.

25. On or around March 12, 2008, Defendant telephoned Work.

26. During the communication referenced in Paragraph 25, Plaintiff's coworker ("Coworker") answered the phone.

27. During the communication referenced in Paragraph 25, Defendant stated that Defendant was a debt collector and needed to speak to Plaintiff.

28. During the communication referenced in Paragraph 25, Coworker stated that Plaintiff could not receive personal calls at Work and hung up the phone.

29. Coworker took a note regarding the communication referenced in Paragraph 25 and gave this note to Plaintiff.

30. On or around March 13, 2008, Defendant telephoned Plaintiff.

31. During this communication, Defendant left a recorded voice message on Plaintiff's phone that threatened to inform Plaintiff's employer of the debt if Plaintiff did not pay the debt in full.

32. In or around mid-March 2008, Defendant telephoned Plaintiff.

33. During the communication referenced in Paragraph 32, Defendant misrepresented that Defendant had the ability to place a lien on Plaintiff's house and garnish Plaintiff's wages if Plaintiff did not pay the debt in full.

34. As a result of Defendant's harassment and phone call to Work, Plaintiff's Charge Nurse called Plaintiff into Charge Nurses' office and stated that Plaintiff needed to handle Plaintiff's problems at home and not at Work.

35. As a result of Defendant's harassment, Plaintiff feared for the safety of Plaintiff's job.

36. As a result of Defendant's harassment, Plaintiff feared for the well-being of Mother, who is ill with cancer.

37. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

38. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

53. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

54. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT NINE

### Violation of the Fair Debt Collection Practices Act

55. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

56. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT TEN

### Invasion of Privacy by Public Disclosure of a Private Fact

57. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

58. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Mother.

59. The threat of legal action to these parties is highly offensive.

60. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

61. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

62. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   c. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Jeffrey S. Hyslip*
Jeffrey S. Hyslip
Sears Tower
233 South Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
jsh@legalhelpers.com
Attorney for Plaintiff